<u>**EXHIBIT A**</u>

**to State Farm Lloyds' Notice of Removal**

*[Index of State Court Papers]*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ROBERT BENAVIDES and** | § | **CIVIL ACTION NO.** |
| **MELISSA GAONA BENAVIDES,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | 5:15-cv-00163 |
| **V.** | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant** | § | **JURY REQUESTED** |

**INDEX OF STATE COURT PAPERS IN**
**STATE COURT CAUSE NO. 2015CVF002114 D4**

1.   Civil Case Docket for Cause No. 2015CVF002114 D4, styled *Robert Benavides and Melissa Gaona Benavides v. State Farm Lloyds*, in the 406th Judicial District Court, Webb County, Texas

2.   Plaintiffs' Original Petition and Request for Disclosure

3.   Civil Case Information Sheet

4.   Letter dated June 24, 2015, from 406th Judicial District Court regarding case set for calendar call on September 1, 2015

5.   Transmission Confirmation Report regarding telecopy of June 24, 2015 letter to attorneys for Plaintiffs

6.   Citation to State Farm Lloyds (Return)

7.   Citation to State Farm Lloyds (Serve)

8.   Affidavit of Service (regarding State Farm Lloyds)

9.   Citation to State Farm Lloyds (Return)

10.  Letter dated August 7, 2015, from attorneys for State Farm Lloyds to Webb County District Clerk requesting copy of entire Court file

11.  Defendant State Farm Lloyds' Original Answer

*State Farm Lloyds' Notice of Removal*                                  INDEX OF STATE
*(Southern District of Texas, Laredo Division)*                         COURT PAPERS

```
                       WEBB COUNTY COURTS
                      CIVIL CASE DOCKETS
Webb County Courts - Live                              PAGE    1
DATE   8/07/15                                         MV0260
TIME  16:55:32                                         DCJLA

===============================================================
CASE NUMBER . . . . : 2015CVF002114 D4   CASE TYPE :  F08  INSURANCE
PLAINTIFF . . . . . : BENAVIDES,ROBERT,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : ARGUELLO,ANDRES,,          PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 1110 NASA PKWY STE 620
                      HOUSTON                    TX   77058

PLAINTIFF . . . . . : BENAVIDES,MELISSA,GAONA,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

   VS.

DEFENDANT NAME  . . : STATE FARM LLOYD'S,,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . : 211 EAST 7TH STREET STE 620
                      AUSTIN                     TX   78701
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active      STATUS DATE . . .°:  6/17/2015
CASE DISPOSITION  . :             DISPOSITION DATE  :

DEFENDANTS ATTORNEY : ORTIZ,RAY,R,              PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 10100 REUNION PLACE STE 600
                      SAN ANTONIO                TX   78216
COURT APPOINTED . . : NO          ATTORNEY PRESENT  :

ENTRY/FILING DATE . : 6/17/2015

JUDGE . . . . . . . : O.J.Hale
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :             IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG* CONTRACT
COMPLAINT DATE  . . : 6/17/2015   COMPLAINT AMOUNT  :
INTEREST DATE . . . :             INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :             COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :             TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :             GARNISHMENT CASE  :


ACTIVITY DATE  ACTIVITY DESCRIPTION ----------------------------  ACTIVITY TYPE
 -------------  --------------------------------------------      -------------
 6/17/2015     Case Status                                        CaseStatus
       Case Status entered as ACTV.
       Case Status ACTV: Active
```

CIVIL CASE DOCKETS

```
Webb County Courts - Live                                    PAGE    2
DATE   8/07/15                                               MV0260
TIME  16:55:32                                               DCJLA
```

===========================================================================

```
CASE NUMBER . . . . : 2015CVF002114 D4    CASE TYPE : F08  INSURANCE
     For STATE FARM LLOYD'S
          Complaint                                     Complaint
     *IMG* CONTRACT


  6/24/2015    Court Case Assignment                     Case Assgn
     Court date/time: 9/01/2015  14:00     Hearing Type:  17 Clndr Call
     Assignment of court date/time.
     Status entered as Open
          Hearing                                        Hearing
     *IMG* CALENDAR CALL FAXED TO ATTORNEY ANDRES ARGUELLO. (GG)
          Issuance                                       Issuance
     *IMG* 2 CITATIONS ISSUED AS TO STATE FARM LLOYDS AND HELD BY CLERK TO
     AWAIT COPIES OF PETITION. (GG)

     **CITATIONS RELEASED ON 6/25/2015 AND SENT BACK TO ATTORNEY IN SELF
     ADDRESSED STAMPED ENVELOPE** (GG)

  7/20/2015    Returns                                   Returns
     *IMG* CITATION RETURNED EXECUTED AS TO STATE FARM LLOYD'S
     DOS 07/17/15 AFFIDAVIT OF SERVICE ATTACHED          JLA

  8/07/2015    Filing Papers                             File Paprs
     *IMG* LETTER REQUESTING COPIES E-FILED (AND COPIES PD) BY ROBIN
     MCGREW, PARALEGAL*TO RAY R. ORTIZ          JLA
          Answer                                         Answer
     *IMG* DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER E-FILED BY ATTY
     RAY R. ORTIZ           JLA
```

Filed
6/17/2015 1:47:48 PM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2015CVF002114D4

CAUSE NO. _____

| | | |
|---|---|---|
| ROBERT BENAVIDES AND<br>MELISSA GAONA BENAVIDES, | § <br> § <br> § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § <br> § | |
| **v.** | § <br> § | WEBB COUNTY, TEXAS, |
| | § <br> § | |
| STATE FARM LLOYD'S<br>Defendant. | § <br> § | _____ TH JUDICIAL DISTRICT |
| | § | |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Robert Benavides and Melissa Gaona Benavides, ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of State Farm Lloyds ("State Farm"), and respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2.     Plaintiffs Robert Benavides and Melissa Gaona Benavides are individuals residing in Webb County, Texas.

3.     Defendant State Farm is a domestic insurance company engaged in the business of insurance in Texas.  The causes of action asserted arose from or are connected with purposeful acts committed by Defendant. State Farm may be served via its registered attorney for service Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION

4.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

5.     The Court has jurisdiction over Defendant State Farm because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

6.     Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.     Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

8.     Plaintiffs own the insured property, which is specifically located at 4616 Santa Martha Blvd., Laredo, Texas, in Webb County (hereinafter referred to as "the Property").

9.     Defendant State Farm sold the Policy insuring the Property to Plaintiffs.

10.     On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). Specifically, Plaintiffs' composition shingle roof and roofing components sustained extensive damage during the storm. Plaintiffs' home sustained exterior damage during the storm, including but not limited to damage to trim, fascia, soffit vents, soffits, two (2) exterior doors, two (2) exterior door frames, porch ceiling, two (2) aluminum windows, mailbox, scructure

address numbers, metal shed and fence.. Plaintiffs filed a claim, in accordance with the terms of the Policy, with their insurance company, State Farm, for the damages to their home caused by the Storm.

11.     Plaintiffs submitted a claim to State Farm against the Policy as referenced in paragraph 7 above, for Roof Damage and Exterior Damage sustained as a result of the hail storm and/or windstorm.

12.     Plaintiffs asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the interior and exterior damage to the Property, pursuant to the Policy.

13.     Defendant State Farm assigned Jay Ospina to adjust the claim. Jay Ospina was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiffs' claim. Specifically, Mr. Ospina conducted a substandard inspection of Plaintiffs' property. The inadequacy of Mr. Ospina's inspection is evidenced by the report, which failed to include the majority of Plaintiffs' damages. Ultimately, Jay Ospina's estimate did not allow adequate funds to cover the cost of repairs for any of the damages sustained. Mr. Ospina's inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiffs' claim being improperly denied.

14.     Defendant State Farm failed to adequately train and supervise Jay Ospina resulting in the unreasonable investigation and improper handling of Plaintiffs' claim. Moreover, State Farm failed to thoroughly review and properly oversee the work of the adjuster, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim.  As a result of

Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs' claims were improperly denied causing them to suffer damages.

15.    Together, Defendants State Farm and Mr. Ospina set about to deny and/or underpay on properly covered damages. State Farm and Mr. Ospina misrepresented to Plaintiffs that Jay Ospina's estimate included all of Plaintiffs' properly covered hail storm and/or windstorm damages and made sufficient allowances to cover the cost of repairs to Plaintiffs' Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiffs' properly covered storm damages and failed to allow for adequate amounts to cover the cost of repairs to Plaintiffs' Property. Defendants State Farm and Ospina failed to provide any coverage for the damages sustained by Plaintiffs and under-scoped and undervalued Plaintiffs' damages, thereby denying payment on Plaintiffs' claim. As a result of these Defendants' unreasonable investigation, Plaintiffs' claim was improperly adjusted and Plaintiffs have been severely underpaid and suffered damages. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair their Property, which has resujlted in additional damages. To this date, Plaintiffs have yet to receive sufficient payment that they are entitled to under the Policy.

16.    As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm undervalued some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

17.    To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

18.     Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay any proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

19.     Defendants State Farm and Ospina misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants State Farm and Ospina failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     State Farm and Mr. Ospina failed to explain to Plaintiffs the reasons for its denial of Plaintiffs' claim. Specifically, State Farm and Mr. Ospina failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, State Farm and Mr. Ospina did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. The Conduct of State Farm and Mr. Ospina, is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.     Defendants State Farm and Mr. Ospina failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of

Plaintiffs' Original Petition                                                                                    Page 5

acceptance or rejection, regarding the full and entire claim, in writing from State Farm or Mr. Ospina. The conduct of State Farm constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

23.     Defendants State Farm and Mr. Ospina refused to fully compensate Plaintiffs, under the terms of the Policy, even though State Farm and Mr. Ospina failed to conduct a reasonable investigation. Specifically, State Farm and Mr. Ospina performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. The conduct of State Farm and Mr. Ospina constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25.     Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.

State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.     From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants State Farm and Ospina knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

29.     As a result of Defendants State Farm's and Mr. Ospina's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST STATE FARM

30.     Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

31.     Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

32.     Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES

33.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.     Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.     Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.     Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.     Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of

Plaintiffs' Original Petition                                                    Page 8

rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.    Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS

39.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

40.    Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

41.    Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.    Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

43.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Jay Ospina is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

44.     Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Jay Ospina including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

46.     "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiffs' (the policyholders) and State Farm's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that State Farm, like other insurers, controls entirely the evaluation, processing and denial of claims.

47.     At the time of Jay Ospina's inspection and/or investigation, upon which State Farm relied entirely for its investigation, evaluation, and settling of Plaintiffs' claim, Jay Ospina tried to wrongfully deny Plaintiffs' losses. By not accounting for the covered damages Defendants State Farm and Mr. Ospina did not inspect and evaluate Plaintiffs' home as if it were their own home. Defendant State Farm's investigation and evaluation was not reasonable, thus, State Farm lacked

a reasonable basis for denying or only partially including payment for Plaintiffs' covered damages. State Farm's overall conduct in handling Plaintiffs' claim was not reasonable.

48.   Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

49.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

50.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

51.   As previously mentioned, the damages caused by the May 9, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant State Farm's mishandling of Plaintiffs' claim in violation of the laws set forth above.

52.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

53.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of

the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

54.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

56.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### REQUEST FOR DISCLOSURE

57.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendants State Farm disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By: _/s/ Andres A. Arguello_
Andres A. Arguello
State Bar of Texas Number: 24089970
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534
*ATTORNEY FOR PLAINTIFFS*
*ROBERT BENAVIDES AND*
*MELISSA GAONA BENAVIDES*

# CIVIL CASE INFORMATION SHEET

Filed
6/17/2015 1:47:48 PM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2015CLW002114D4

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Roberto Benavides and Melissa Gaona Benavides v. State Farm Lloyds
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: <br> Andres A. Arguello <br><br> Address: <br> 1110 Nasa Parkway, Suite 620 <br><br> City/State/Zip: <br> Houston, TX 77058 <br><br> Signature: <br><br> Email: <br> andres@simplyjustice.com <br><br> Telephone: <br> 281-532-5529 <br><br> Fax: <br> 281-402-3534 <br><br> State Bar No: <br> 24089970 | Plaintiff(s)/Petitioner(s): <br> Roberto Benavides <br><br> Melissa Gaona Benavides <br><br> Defendant(s)/Respondent(s): <br> State Farm Lloyds <br><br><br> [Attach additional page as necessary to list all parties] | ☐Attorney for Plaintiff/Petitioner <br> ☐Pro Se Plaintiff/Petitioner <br> ☐Title IV-D Agency <br> ☐Other: <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐Consumer/DTPA <br> ☐Debt/Contract <br> ☐Fraud/Misrepresentation <br> ☐Other Debt/Contract: <br><br> *Foreclosure* <br> ☐Home Equity—Expedited <br> ☐Other Foreclosure <br> ☐Franchise <br> ☒Insurance <br> ☐Landlord/Tenant <br> ☐Non-Competition <br> ☐Partnership <br> ☐Other Contract: | ☐Assault/Battery <br> ☐Construction <br> ☐Defamation <br> *Malpractice* <br>   ☐Accounting <br>   ☐Legal <br>   ☐Medical <br>   ☐Other Professional <br>   Liability: <br><br> ☐Motor Vehicle Accident <br> ☐Premises <br> *Product Liability* <br>   ☐Asbestos/Silica <br>   ☐Other Product Liability <br>   List Product: <br><br> ☐Other Injury or Damage: | ☐Eminent Domain/ <br>   Condemnation <br> ☐Partition <br> ☐Quiet Title <br> ☐Trespass to Try Title <br> ☐Other Property: | ☐Annulment <br> ☐Declare Marriage Void <br> *Divorce* <br>   ☐With Children <br>   ☐No Children | ☐Enforcement <br> ☐Modification—Custody <br> ☐Modification—Other <br> **Title IV-D** <br> ☐Enforcement/Modification <br> ☐Paternity <br> ☐Reciprocals (UIFSA) <br> ☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction <br> ☐Judgment Nisi <br> ☐Non-Disclosure <br> ☐Seizure/Forfeiture <br> ☐Writ of Habeas Corpus— <br>   Pre-indictment <br> ☐Other: | ☐Enforce Foreign <br>   Judgment <br> ☐Habeas Corpus <br> ☐Name Change <br> ☐Protective Order <br> ☐Removal of Disabilities <br>   of Minority <br> ☐Other: | ☐Adoption/Adoption with <br>   Termination <br> ☐Child Protection <br> ☐Child Support <br> ☐Custody or Visitation <br> ☐Gestational Parenting <br> ☐Grandparent Access <br> ☐Parentage/Paternity <br> ☐Termination of Parental <br>   Rights <br> ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination <br> ☐Retaliation <br> ☐Termination <br> ☐Workers' Compensation <br> ☐Other Employment: | ☐Administrative Appeal <br> ☐Antitrust/Unfair <br>   Competition <br> ☐Code Violations <br> ☐Foreign Judgment <br> ☐Intellectual Property | ☐Lawyer Discipline <br> ☐Perpetuate Testimony <br> ☐Securities/Stock <br> ☐Tortious Interference <br> ☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal <br> ☐Tax Delinquency <br> ☐Other Tax | *Probate/Wills/Intestate Administration* <br> ☐Dependent Administration <br> ☐Independent Administration <br> ☐Other Estate Proceedings | ☐Guardianship—Adult <br> ☐Guardianship—Minor <br> ☐Mental Health <br> ☐Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court <br> ☐Arbitration-related <br> ☐Attachment <br> ☐Bill of Review <br> ☐Certiorari <br> ☐Class Action | ☐Declaratory Judgment <br> ☐Garnishment <br> ☐Interpleader <br> ☐License <br> ☐Mandamus <br> ☐Post-judgment | ☐Prejudgment Remedy <br> ☐Protective Order <br> ☐Receiver <br> ☐Sequestration <br> ☐Temporary Restraining Order/Injunction <br> ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13



# Oscar J. Hale, Jr.

### State District Judge
406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountytx.gov

TELEPHONE NO. (956) 523-4954
FAX NO. (956) 523-5074

June 24, 2015

CAUSE NO.:     2015CVF002114 D4

STYLE:     ROBERT BENAVIDES AND
MELISSA GAONA BENAVIDES

VS

STATE FARM LLOYD'S

Please take NOTICE that this case is set for **CALENDAR CALL** on   09/01/2015
at 2:00 PM at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable
Judge Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and
Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the
PTGO.

You may download the PTGO at our website: www.Webbcountytx.gov/DC406th/Forms

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for
lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator

DC: 

```
**  Transmit  Confirmation  Report  **
```

P.1                                             Jun 26 2015 12:13pm
WEBB CO DISTRICT CLERK Fax:956-523-5121

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 912814023534 | Fine | 26,12:12pm | 0'29" | 1 | * O K | |



TELEPHONE NO. (956) 523-4954
FAX NO. (956) 523-5074

## Oscar J. Hale, Jr.

State District Judge
406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountvtx.gov

June 24, 2015

CAUSE NO.:     2015CVF002114 D4

STYLE:     ROBERT BENAVIDES AND
           MELISSA GAONA BENAVIDES

           VS

           STATE FARM LLOYD'S

Please take NOTICE that this case is set for CALENDAR CALL on ___09/01/2015___
at 2:00 PM at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable
Judge Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and
Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the
PTGO.

You may download the PTGO at our website: www.Webbcountytx.gov/DC406th/Forms

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for
lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator

DC 

**RETURN**
2015CVF002114 D4

## CITATION
**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

THE STATE OF TEXAS
COUNTY OF WEBB

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   STATE FARM LLOYDS
      BY SERVING IT REGISTERED ATTORNEY FOR SERVICE:
      CORPORATION SERVICE COMPANY
      211 EAST 7TH STREET STE 620
      AUSTIN,   TX 78701-3218

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVF002114 D4 , styled:
      **ROBERT BENAVIDES AND MELISSA GAONA BENAVIDES, PLAINTIFF**
      **VS.**
      **STATE FARM LLOYDS, DEFENDANT**
Said Plaintiff's Petition was filed on 06/17/2015 in said court by:
      **ANDRES ARGUELLO, ATTORNEY FOR PLAINTIFF**
      **1110 NASA PKWY STE 620**
      **HOUSTON,   TX 77058**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 24 day of June, 2015.

### C   L   E   R   K      O   F      C   O   U   R   T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
    GLORIA G. NORIEGA

_____DEPUTY

CALENDAR CALL COURT DATE:
09/01/2015 AT 2:00P.M.

2015CVF002114 D4

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2015 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK ____.M. on

the _____ day of _____, 2015, by delivering to the within
named **STATE FARM LLOYDS**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.


_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS


BY _____
                                    DEPUTY


**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                          NOTARY PUBLIC
MY COMMISSION EXPIRES _____

SERVE
2015CVF002114 D4

## CITATION
## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  STATE FARM LLOYDS
     BY SERVING IT REGISTERED ATTORNEY FOR SERVICE:
     CORPORATION SERVICE COMPANY
     211 EAST 7TH STREET STE 620
     AUSTIN,   TX 78701-3218

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVF002114 D4 , styled:
     ROBERT BENAVIDES AND MELISSA GAONA BENAVIDES, PLAINTIFF
     VS.
     STATE FARM LLOYDS, DEFENDANT
Said Plaintiff's Petition was filed on 06/17/2015 in said court by:
     ANDRES ARGUELLO, ATTORNEY FOR PLAINTIFF
     1110 NASA PKWY STE 620
     HOUSTON,   TX 77058

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 24 day of June, 2015.

C L E R K     O F     C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

CALENDAR CALL COURT DATE:
09/01/2015 AT 2:00P.M.

BY: _____ DEPUTY
         GLORIA G. NORIEGA

2015CVF002114 D4

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2015 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2015, by delivering to the within
named **STATE FARM LLOYDS**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.


_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                                   DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                          NOTARY PUBLIC
MY COMMISSION EXPIRES _____

Filed
7/20/2015 3:32:00 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2015CVF002114D4

# 406th District Court of WEBB County, Texas
1110 VICTORIA, STE 402 LAREDO TX 78042

## Case #: 2015CVF002114D4

ROBERT BENAVIDES AND MELISSA GAONA BENAVIDES

*Plaintiff*
VS
STATE FARM LLOYD'S

*Defendant*

### AFFIDAVIT OF SERVICE

I, MIRANDA WALTON, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 07/17/15 2:48 pm, instructing for same to be delivered upon State
Farm Lloyds Corporation Service COmpany, Registered Agent.

| | |
|---|---|
| That I delivered to | : State Farm Lloyds Corporation Service COmpany, Registered Agent.<br>: By Delivering to Kelly Courtney, authorized to accept |
| the following | : CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE |
| at this address | : 211 E. 7th Street, Suite 620<br>: Austin, Travis County, TX 78701 |
| Manner of Delivery | : by PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : JUL 17, 2015 10:06 pm |

My name is MIRANDA WALTON, my date of birth is _10/8/70_, and my address
is Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741,
and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Travis County, State of Texas, on the __20__ day of
_July_, 20_15_.

_____
Declarant
MIRANDA WALTON

Texas Certification#: SCH-11479 Exp. 05/31/18

Private Process Server
Professional Civil Process Downtown
2211 S. IH 35, Suite 203 Austin TX 78741
(512) 477-3500

PCP Inv#: Z15700112

+ Service Fee:  70.00
  Witness Fee:    .00
  Mileage Fee:    .00

AX02Z15700112
tomcat

Arguello, Andres

E-FILE RETURN

**RETURN**
2015CVF002114 D4

# CITATION

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:   STATE FARM LLOYDS**
 **BY SERVING IT REGISTERED ATTORNEY FOR SERVICE:**
 **CORPORATION SERVICE COMPANY**
 **211 EAST 7TH STREET STE 620**
 **AUSTIN,   TX 78701-3218**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVF002114 D4 , styled:
 **ROBERT BENAVIDES AND MELISSA GAONA BENAVIDES, PLAINTIFF**
 **VS.**
 **STATE FARM LLOYDS, DEFENDANT**
Said Plaintiff's Petition was filed on 06/17/2015 in said court by:
 **ANDRES ARGUELLO, ATTORNEY FOR PLAINTIFF**
 **1110 NASA PKWY STE 620**
 **HOUSTON,   TX 77058**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 24 day of June, 2015.

## C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

| CALENDAR CALL COURT DATE: |
| 09/01/2015 AT 2:00P.M. |

BY: _____   DEPUTY
 GLORIA G. NORIEGA

2015CVF002114 D4

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2015 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2015, by delivering to the within
named **STATE FARM LLOYDS**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.


_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS


BY _____
                              DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____

NOTARY PUBLIC
MY COMMISSION EXPIRES _____

Filed
8/7/2015 3:49:08 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2015CVF002114D4

# JONES, ANDREWS & ORTIZ

ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
10100 REUNION PLACE, SUITE 600
SAN ANTONIO, TEXAS 78216
TELEPHONE 210/344-3900                    TELECOPY 210/366-4301

WRITER'S DIRECT DIAL NUMBER/
E-MAIL ADDRESS:
210/ 308-4672
robin@jao-law.com

August 7, 2015

Esther Degollado                                             *Via E-file*
District Clerk
1110 Victoria Street, Suite 203
Laredo, Texas 78040

RE:   Cause No. 2015CVF002114D4; *Robert Benavides and Melissa Gaona
      Benavides v. State Farm Lloyds*; In the 406th Judicial District Court of
      Webb County, Texas.

Dear Ms. Degollado:

Pursuant to your staff's instruction in the District Clerk's office this afternoon, please allow this correspondence as my request for the entire Court file in the above referenced matter.   Please include the Docket Sheet. I was told that the file would be mailed to me directly upon payment of $25.00.

If you should have any questions or concerns, please contact the undersigned at the number listed above.   Thank you for your kind assistance.

Very truly yours,

*Robin McGrew*

Robin McGrew
Paralegal assisting to Ray R. Ortiz

/rm

Filed
8/7/2015 4:28:10 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2015CVF002114D4

## CAUSE NO. 2015CVF002114D4

| | | |
|---|---|---|
| ROBERT BENAVIDES AND MELISSA GAONA BENAVIDES, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| V. | § § | WEBB COUNTY, TEXAS, |
| STATE FARM LLOYD'S | § § | |
| Defendant. | § | 406TH JUDICIAL DISTRICT |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES State Farm Lloyds, alleged to be the Defendant in this lawsuit, and files this Original Answer in response to the petition submitted by Plaintiffs Robert Benavides and Melissa Gaona Benavides ("Plaintiffs"). Without waiving any applicable defenses, whether affirmative or otherwise, and reserving the right to assert and rely on such other applicable defenses as may become available or apparent during the course of this lawsuit and still insisting upon any and all policy conditions, exclusions, requirements, and other policy terms now or later arising, State Farm Lloyds would respectfully show the Court as follows:

### GENERAL DENIAL

1.     As authorized by Rule 92 of the Texas Rules of Civil Procedure, State Farm Lloyds denies each and every, all and singular, the material allegations made and contained in the petition filed by Plaintiffs in this case and any petition that Plaintiffs may hereinafter file by way of amendment or supplement. In accordance with Texas law, State Farm Lloyds demands that Plaintiffs prove, by credible evidence meeting the requisite standard of proof, each and every such allegation made and contained in this case.

F:\RRO\314-084\SF Original Answer.docx

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds, prays upon a final hearing hereof Plaintiffs recover nothing of and from Defendant State Farm Lloyds, and the Court enter a take-nothing judgment, and for all other just relief to which it may be justly entitled.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: _____

Ray R. Ortiz
State Bar No. 15324280
ray@jao-law.com
Felix Arambula III
State Bar No. 24038746
felix@jao-law.com
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 344-3900
Facsimile: (210) 366-4301
**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

On August 7, 2015, the above and foregoing was, in accordance with the Texas Rules of Civil Procedure, served upon the following counsel of record:

Andres A. Arguello
Arguello, Hope & Associates, P.L.L.C.
1110 Nasa Parkway, Suite 620
Houston, Texas 77058

_____
Ray R. Ortiz/Felix Arambula III

F:\RRO\314-084\SF Original Answer.docx